UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DERRICK ANDERSON,

                                    Plaintiff,

                                                                                            DECISION AND ORDER

                                                                                            06-CV-6227L

                    v.

SUPERINTENDENT BURGE,
FOOD ADMINISTRATOR FLETCH,
NURSE ADMINISTRATOR HOPKINS,
DR. KELLY,
DR. ALVES,

                                    Defendants.
_____

Plaintiff Derrick Anderson, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services, alleges that defendants, all of whom were at all relevant times employed by DOCS, violated his rights under the Eighth Amendment to the United States Constitution by failing to provide him with a "diabetic diet," *i.e.*, a diet tailored to meet his needs as a sufferer of diabetes. Defendants have moved for summary judgment.

**DISCUSSION**

**I. Eighth Amendment Claims: General Principles**

To show that prison medical treatment was so inadequate as to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, plaintiff must prove that defendants' actions or omissions amounted to "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Second Circuit has stated that a medical need is "serious" for constitutional purposes if it presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'" *Chance v. Armstrong*, 143 F.3d 698, 702 ($2^d$ Cir. 1998) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 ($2^d$ Cir. 1994), *cert. denied*, 513 U.S. 1154 (1995)). *See also Harrison v. Barkley*, 219 F.3d 132, 136-137 ($2^d$ Cir. 2000) ("A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain' ") (quoting *Chance*, 143 F.3d at 702).

Among the relevant factors for determining whether a serious medical need exists are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance*, 143 F.3d at 702 (quoting *McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997)).

As to the "deliberate indifference" component, the Supreme Court explained in *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991), that this standard includes both an objective and a subjective

component. With respect to the objective aspect, the court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights. With respect to the subjective element, the court must consider whether the deprivation was brought about by defendants in wanton disregard of those rights. *Id.* To establish deliberate indifference, therefore, plaintiff must prove that the defendants had a culpable state of mind and intended wantonly to inflict pain. *See id.* at 299; *DesRosiers v. Moran*, 949 F.2d 15,19 (1st Cir. 1991); *Ross v. Kelly*, 784 F.Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992).

The Court in *Estelle* also cautioned that mere negligence is not actionable. "A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind," *id.* at 102, or "incompatible with the evolving standards of decency that mark the progress of a maturing society," *id.* at 105-06. It is clear, then, that allegations of malpractice alone do not state a constitutional claim. *Id.* at 106 n. 14; *Chance*, 143 F.3d at 703-04; *Ross*, 784 F.Supp. at 44.

Likewise, an inmate's "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703; *see also Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) ("The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion").

**II. Application to this Case**

Applying these principles to the case at bar, I find that defendants are entitled to summary judgment. At most, plaintiff's allegations indicate that he disagreed with the treatment and diet provided to him. That does not give rise to an Eighth Amendment claim.

In support of their motion, defendants have submitted a declaration of John W. Alves, M.D., who was plaintiff's primary care physician during the period at issue in this lawsuit. He states that plaintiff presented in June 2005 as overweight and suffering from Type II diabetes. Dr. Alves also describes the measures taken to control plaintiff's symptoms, including placement on the DOCS "therapeutic diet" with a calorie-controlled menu. Dkt. #18 at 8. In April 2006, Dr. Alves switched plaintiff to a carbohydrate-controlled diet. *Id.* at 9. He states that these measures were effective and that plaintiff's condition improved during this period.

In response, plaintiff has done little more than insist that he should have been given a "diabetic diet," and he repeats his conclusory allegations that defendants were deliberately indifferent to his needs. That is not enough to give rise to a genuine issue of material fact. *See Green v. McGinnis*, 515 F.Supp.2d 379, 383-84 (W.D.N.Y. 2007) ("Although plaintiff may subjectively believe that his care was not adequate or correct, that difference of opinion does not demonstrate deliberate indifference and does not give rise to an Eighth Amendment claim"). Even assuming, *arguendo*, that from a medical standpoint plaintiff would have been better off with a different diet from the one that he was given (and outside of plaintiff's personal opinion, there is no evidence of that), there is simply no evidence that defendants acted with a culpable state of mind or that they were deliberately indifferent to plaintiff's serious medical needs.

Moreover, even if a violation of plaintiff's rights could be found, defendants would be entitled to qualified immunity for their actions. Qualified immunity shields public officials "from civil damages liability insofar as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known,' *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), or insofar as 'it [is] objectively reasonable for them to believe that their acts d[o] not violate those rights,' *Velardi v. Walsh*, 40 F.3d 569, 573 ($2^d$ Cir. 1994)." *Simms v. Village of Albion*, 115 F.3d 1098,1106 ($2^d$ Cir. 1997); *accord Brown v. City of Oneonta*, 106 F.3d 1125,1130-31 ($2^d$ Cir. 1997). Given the treatment afforded to plaintiff, including the provision of a special diet (albeit one not to plaintiff's liking), it was plainly objectively reasonable for defendants to believe that their actions did not violate plaintiff's constitutional rights.[1]

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #16) is granted, and the complaint is dismissed.

Plaintiff's motion to dismiss defendants' motion for summary judgment (Dkt. #26), motions for sanctions (Dkt. #27 and #32), motion for attorney's fees (Dkt. #28), and motion for discovery

---

[1] Plaintiff has filed a host of motions, all of which must be denied either on the merits or as moot. I note in particular that plaintiff has moved for discovery and for sanctions based on defendants' alleged failure to provide him with discovery. Contrary to plaintiff's assertions, however, defendants have filed a Rule 26 disclosure (Dkt. #14), and plaintiff has failed to identify any documents that he has not been provided which would enable him better to respond to defendants' motion for summary judgment.

(Dkt. #30) are denied.  Plaintiff's motion for an extension of time (Dkt. #29) and for oral argument (Dkt. #33) are denied as moot.

    IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 26, 2008.